# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM D'AMBROSIO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant.<br>_____/ | Case No. 1:16-cv-00579-SKO<br><br>**ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT**<br><br>**(Doc. 1)** |

On April 22, 2016, Plaintiff Sam D'Ambrosio ("Plaintiff") filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for supplemental security income. (Doc. 1.) Plaintiff filed his opening brief ("Plaintiff's Motion") on November 21, 2016, (Doc. 12), Defendant filed their Motion for Summary Judgment and Cross-Motion in Opposition to Plaintiff's Summary Judgment Motion ("Defendant's Motion") on January 21, 2017, (Doc. 15), and Plaintiff filed his reply in support of Plaintiff's Motion on February 2, 2017, (Doc. 16). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.[1]

---
[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 7 & 8.)

For the reasons provided herein, the Court GRANTS Plaintiff's Motion, (Doc. 12), DENIES Defendant's Motion, (Doc. 15), REVERSES the final decision of the Commissioner, and REMANDS this matter for further proceedings.

## I. BACKGROUND

The following includes the pertinent medical and procedural background for this matter. Plaintiff was born on March 22, 1955, and is currently 62 years old. (Administrative Record ("AR") 169.)

On May 9, 2012, Plaintiff filed his claim for supplemental security income. (AR 169–77.) In this claim, Plaintiff alleges that he became disabled on February 1, 2007. (AR 169.) Plaintiff stated that the following conditions limit his ability to work: severe depression, losing weight, hard to do daily functions, hard to get out of bed, and high blood pressure. (AR 188.)

The Social Security Administration denied Plaintiff's claim initially on October 12, 2012, (AR 99–103), and again on reconsideration on May 22, 2013, (AR 105–09). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on June 26, 2013. (AR 112–14.)

On August 1, 2014, the ALJ held a hearing regarding Plaintiff's claim (the "Hearing"). (*See* AR 26–54.) Plaintiff was represented by counsel at this Hearing. (*See* AR 26.) During the Hearing, a vocational expert ("VE") was called to testify. (*See* AR 48.) The ALJ then presented a hypothetical to the VE. (*See* AR 49–50.) In the hypothetical, the ALJ described, in relevant part, an individual who could "perform[] detailed instructions frequently, but not constantly." (AR 50.) In response to this hypothetical, the VE testified that they did not "believe" that the hypothetical person could "perform [Plaintiff's] past work." (AR 50.) The ALJ then asked the VE whether there "[w]ould . . . be any skills learned and perfected at that highly-skilled job that would transfer to another skilled or semi-skilled job fully meeting the requirements of the other skilled or semi-skilled jobs also meeting this [residual functional capacity]." (AR 50.) The VE initially responded to this question by requesting a "second," stating that they were "struggling with the detailed instructions constantly," and noting that they "need[ed] to check one more reference." (AR 50.) The VE then testified that, "[b]ased on the parameters of the hypothetical," the hypothetical person could perform the work of an "automobile [salesperson]" and an "automobile

accessories salesperson." (AR 51.) The VE also testified that there are "approximately 126,000" of the "automobile salesperson" jobs and "165,000" of the "automobile accessory salesperson" jobs in the national economy. (AR 51.)

In a decision dated September 9, 2014, the ALJ found that Plaintiff was not disabled. (AR 7–25.) In the decision, the ALJ conducted the five-step sequential evaluation analysis set forth in 20 C.F.R. § 416.920. (*See* AR 10–20.) At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since May 9, 2012, the application date." (AR 12.) At step two, the ALJ found that Plaintiff "has the following severe impairment: major depressive disorder." (AR 12.) At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." (AR 12.)

The ALJ next found that Plaintiff has the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform detail instructions no more than occasionally." (AR 14.) In the RFC determination, the ALJ also found that Plaintiff "has no limitations in the performance of simple routine tasking." (AR 14.) At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work." (AR 19.)

Finally, the ALJ stated the following regarding the step-five analysis:

> The [ALJ] asked the [VE] if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and [RFC] as [Plaintiff], and that required the skills acquired in [Plaintiff's] past relevant work, but no additional skills. The [VE] responded and testified that representative occupations such an individual could perform included . . . Automobile [Salesperson] . . . [and] Automobile Accessory [Salesperson].

(AR 20.) The ALJ then found at step five that, "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], [Plaintiff] has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." (AR 19.) Ultimately, the ALJ determined that Plaintiff "is not disabled under section 1614(a)(3)(A) of the Social Security Act." (AR 21.)

3

Plaintiff sought review of the ALJ's decision before the Appeals Council. (AR 5−6.) On February 25, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (AR 1–4.)

Plaintiff then filed the Complaint in this Court on April 22, 2016. (Doc. 1.) Plaintiff filed Plaintiff's Motion on November 21, 2016, (Doc. 12), Defendant filed Defendant's Motion on January 21, 2017,[2] (Doc. 15), and Plaintiff filed his reply in support of Plaintiff's Motion on February 2, 2017, (Doc. 16). As such, the briefing in this case is complete and this matter is ready for disposition.

## II. LEGAL STANDARD

### A. Applicable Law

An individual is considered "disabled" for purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility [for disability benefits], the Commissioner" is required to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." *Id.* § 423(d)(2)(B). For purposes of this determination, "a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

---

[2] In an order entered on December 22, 2016, the Court ordered that Defendant had "an additional 30 days" to respond to Plaintiff's Motion pursuant to a stipulation by the parties. (Doc. 14.)

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, App. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 404.1520(a)(4) (providing the "five-step sequential evaluation process"); *id.* § 416.920(a)(4) (same). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.     Scope of Review**

"This court may set aside the Commissioner's denial of disability insurance benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098). "Put another way,

substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund*, 253 F.3d at 1156 ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

### III. DISCUSSION

Plaintiff contends that the ALJ erred when presenting the hypothetical to the VE at step five of the sequential evaluation process and that this error was not harmless. (*See* Doc. 12 at 5–9.) The Court agrees with Plaintiff's position.

"[I]f a claimant establishes an inability to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Burch*, 400 F.3d at 679 (citing *Swenson*, 876 F.2d at 687). At step five, "the ALJ . . . examines

whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy." *Id.* "If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do." *Tackett*, 180 F.3d at 1099. "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a [VE], or (2) by reference to the Medical-Vocational Guidelines . . . ." *Id.* "If the Commissioner meets this burden, the claimant is not disabled and therefore not entitled to . . . benefits." *Id.* (citation omitted). "If the Commissioner cannot meet this burden, then the claimant is disabled and therefore entitled to . . . benefits." *Id.* (citation omitted).

In this case, the ALJ elected to use the first method at step five—the testimony of a VE. (*See, e.g.*, AR 19–20.) ALJs use VEs at disability hearings by calling the VE "to testify," then presenting the VE with "a series of hypothetical questions to 'set out all of the claimant's impairments' for the [VE's] consideration." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 578 (9th Cir. 1988) (quoting *Gamer v. Sec'y of Health & Human Servs.*, 815 F.2d 1275, 1279 (9th Cir. 1987)). "The [VE] is then called upon to translate [these] factual scenarios [into] realistic job market probabilities by testifying . . . to what kinds of jobs the claimant still can perform and whether there is a sufficient number of those jobs in the claimant's region or in several other regions of the economy to support a finding of not disabled." *Id.* (citation omitted).

"Hypothetical questions posed to a [VE] must include all the substantial, supported physical and mental limitations of the particular claimant." *Voong v. Astrue*, 641 F. Supp. 2d 996, 1009 (E.D. Cal. 2009) (citing *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995)); *see, e.g.*, *Terrazas v. Astrue*, 726 F. Supp. 2d 1139, 1147 (E.D. Cal. 2010) ("A hypothetical question posed to a VE must include all impairments supported by substantial evidence." (citing *Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001))). In other words, "[t]he ALJ's depiction of the claimant's disability [in the hypothetical] must be accurate, detailed, and supported by the medical record." *Desrosiers*, 846 F.2d at 578 (citation omitted). "[A]n ALJ may synthesize and translate assessed limitations into an RFC assessment (and subsequently into a hypothetical to the [VE]) without repeating each functional limitation verbatim in the RFC assessment or hypothetical."

7

*Pittman v. Colvin*, No. 2:15–cv–0819 CKD, 2016 WL 1545534, at *3 (E.D. Cal. Apr. 15, 2016) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173–74 (9th Cir. 2008)). However, "[r]eliance on a hypothetical that fails to include all accepted limitations is insufficient to carry the agency's burden of proving the ability to engage in alternative work." *Terrazas*, 726 F. Supp. 2d at 1147 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1044 (9th Cir. 1995)). Indeed, "[i]f a hypothetical does not reflect all the functional limitations, the [VE's] testimony as to available jobs in the national economy has no evidentiary value." *Voong*, 641 F. Supp. 2d at 1009 (citing *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)). *But see Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (finding that any error made by the ALJ in omitting a limitation in a hypothetical was harmless because "[w]hether or not the ALJ erred in not including all of [the claimant's] limitations in a hypothetical [was] irrelevant given the other reliable evidence"). "While the ALJ may pose to the expert a range of hypothetical questions, based on alternate interpretations of the evidence, substantial evidence must support the hypothetical which ultimately serves as the basis for the ALJ's determination." *Voong*, 641 F. Supp. 2d at 1009 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).

In this case, the ALJ found that Plaintiff has an RFC with the following "nonexertional limitation[]: he can perform detail instructions no more than occasionally." (AR 14.) However, in the hypothetical the ALJ presented to the VE at the Hearing, the ALJ described this limitation as that Plaintiff can "perform[] detailed instructions frequently, but not constantly." (AR 50.) The ALJ thus presented a hypothetical to the ALJ at the Hearing—the hypothetical individual can "frequently" perform "detailed instructions," (AR 50)—that did not conform with the ALJ's RFC finding as to the same limitation—Plaintiff can "no more than occasionally" perform "detailed instructions," (AR 14). In other words, the ALJ presented a hypothetical to the VE that described an individual with an ability to perform detailed instructions that exceeded those of Plaintiff based on the ALJ's own RFC determination. Nonetheless, the ALJ relied on the VE's response to this erroneous hypothetical when making the step-five determination. (*See* AR 19–20.) As the ALJ's hypothetical to the VE did not accurately reflect Plaintiff's limitation as to performing detailed instructions, the Court finds that the ALJ erred in providing this hypothetical. *See, e.g.*, *Pham v.*

*Astrue*, 695 F. Supp. 2d 1027, 1032 (C.D. Cal. 2010) (finding that the ALJ committed "legal error" where the ALJ found that the claimant had "mental limitations," but "did not include those limitations in his hypothetical questions to the [VE]").

Defendant nonetheless argues that the ALJ's errant hypothetical was harmless. (Doc. 18 at 7.) The Court disagrees. The Ninth Circuit "ha[s] long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)); *see also Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 932 & n.10 (9th Cir. 2014) (stating that the harmless error analysis applies where the ALJ errs by not discharging their duty to develop the record). As such, "the court will not reverse an ALJ's decision for harmless error." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (stating that an error is also harmless "'if the agency's path may reasonably be discerned,' even if the agency 'explains its decision with less than ideal clarity'" (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004))). "In other words, in each case [courts] look at the record as a whole to determine whether the error alters the outcome of the case." *Molina*, 674 F.3d at 1115. "[T]he nature of [the] application" of the "harmless error analysis to social security cases" is "fact-intensive—'no presumptions operate' and '[courts] must analyze harmlessness in light of the circumstances of the case.'" *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (quoting *Molina*, 674 F.3d at 1121). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

Here, the ALJ's erroneous statement in the hypothetical regarding Plaintiff's ability to perform detailed instructions was not harmless. There is no indication in the record that the description of this limitation was irrelevant to the VE's testimony. To the contrary, after the ALJ described this limitation, the VE stated that they were "struggling with the detailed instructions constantly" portion of the hypothetical and requested a "second" to "check one more reference."

9

(AR 50.) These statements by the VE indicate that the errant portion of the hypothetical was consequential to the VE's testimony and, correspondingly, the ALJ's step-five finding based on this testimony. *Cf. Robbins*, 466 F.3d at 886 (stating that an errant hypothetical "cannot be deemed harmless" if "a proper hypothetical would have included limitations which . . . the record suggests . . . would have been determinative as to the [VE's] recommendation to the ALJ").

Additionally, based on this record, the Court cannot determine whether the VE's testimony would have been materially different if the VE was provided with a hypothetical that accurately reflected Plaintiff's limitation as to his ability to perform detailed instructions. Indeed, the VE's testimony may have been substantially different if provided with a hypothetical that accurately reflected the ALJ's RFC findings. If the VE's testimony could have been materially different in response to a hypothetical that accurately reflected Plaintiff's RFC, then the ALJ's step-five findings—which were based on the VE's testimony, (*see* AR 20)—and ultimate disability determination could also change. The Court therefore finds that the ALJ's error in providing a hypothetical to the VE that did not accurately reflect Plaintiff's RFC was not harmless error. *See, e.g.*, *Adkisson v. Berryhill*, CASE NO. CV 16–06709 JDE, 2017 WL 2198337, at *7 (C.D. Cal. May 17, 2017) (finding that the ALJ's errant hypothetical "was not harmless" because it could not "be said that the VE's opinion would not have been different" without "the erroneously worded hypothetical"); *Hampton v. Colvin*, 149 F. Supp. 3d 1279, 1284 (W.D. Wash. Feb. 25, 2016) ("As the ALJ's ultimate determination regarding disability was based on the testimony of the [VE] on the basis of an improper hypothetical question, the error affected the ultimate disability determination and is not harmless.").

In summary, the Court finds that the ALJ's hypothetical to the VE constituted error and this error was not harmless. The Court therefore finds that the VE's testimony in response to this errant hypothetical regarding "available jobs in the national economy has no evidentiary value." *Voong*, 641 F. Supp. 2d at 1009 (citing *DeLorme*, 924 F.2d at 850), and, consequently, Defendant failed to carry their burden at step-five of the sequential evaluation process, *see Terrazas*, 726 F. Supp. 2d at 1147 (citing *Andrews*, 53 F.3d at 1044). As such, the Court finds that the ALJ's disability determination is not supported by substantial evidence. *See, e.g.*, *Robbins*, 466 F.3d at

886 (finding that "the ALJ's step five determination [was] unsupported by substantial evidence" where the ALJ gave a "legally inadequate" hypothetical to the ALJ and the error was not harmless); *Adkisson*, 2017 WL 2198337, at *7 (finding that the ALJ's decision was not supported by substantial evidence where "the ALJ's hypothetical to the VE was less restrictive than the RFC that the ALJ ultimately set forth in his opinion," and, as such, "the VE's testimony does not directly support the [step-five] conclusion reached by the ALJ"); *Duong v. Astrue*, No. 2:11–cv–00347 KJN, 2012 WL 3648006, at *4 (E.D. Cal. Aug. 22, 2012) ("Because the premise of those hypothetical questions was incomplete, the [VE's] resulting answers were incomplete and cannot serve as substantial evidence supporting the ALJ's non-disability determination."). Finally, the Court finds that remand is warranted to afford an opportunity for Defendant to correct the error at step five of the sequential evaluation process. *See, e.g.*, *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) ("If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981))).

## IV. CONCLUSION

For the reasons provided above, the Court GRANTS Plaintiff's Motion, (Doc. 12), DENIES Defendant's Motion, (Doc. 15), REVERSES the final decision of the Commissioner, and REMANDS this matter for further proceedings consistent with this Order.

IT IS SO ORDERED.

Dated: **August 3, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

11